UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60064-CIV-DAMIAN/Valle

**FRANLY GONZALEZ RAMON**,

    Petitioner,

v.

**TODD LYONS,** *et al.*,

    Respondents.
_____/

## ORDER GRANTING IN PART *HABEAS* PETITION

**THIS CAUSE** is before the Court upon Petitioner, Franly Gonzalez Ramon's ("Petitioner"), Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed January 9, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 4] on January 20, 2026. [ECF No. 6 ("Response")]. Petitioner filed a Reply on January 26, 2026. [ECF No. 7 ("Reply")].

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. For the reasons set forth below, the Petition is granted in part.

### I.   BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

In brief, Petitioner is a native and citizen of Cuba who is currently detained by Immigration and Customs Enforcement ("ICE") at the Broward Transitional Center. Pet. at 2. He entered the United States on or about May 23, 2023, near Yuma, Arizona, and has remained in the country since that time. Resp., Ex. A. The same day he entered, Petitioner

was detained by Customs and Border Protection ("CBP") and issued a Notice to Appear ("NTA") on May 25, 2025. *See id.*, Ex. D. The NTA charged Petitioner with inadmissibility pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182. *Id*. The NTA also designated that Petitioner is "an alien present in the United States who has not been admitted or paroled." *Id.* Petitioner was released on his own recognizance on May 23, 2023, and the Order of Release on Recognizance designates that he was released in "accordance with section 236" of the INA. *Id.*, Ex. E. Petitioner's "release on his own recognizance was conditioned upon him complying with certain terms including that he report for any hearing or interview as directed by the Department of Homeland Security (DHS) or the immigration court; that he periodically report in person to the ICE ERO Miramar Sub Office when scheduled; that he not violate any laws; that he not move without first obtaining written permission from ICE; and that he assist DHS in obtaining any necessary travel documents." *Id.*, Ex. C ¶ 11.

On March 6, 2025, Petitioner filed an application for relief from removal with the Miami Immigration Court. *Id.*, Ex. C ¶ 12. On October 17, 2025, Petitioner appeared at his Order of Release on Recognizance check-in and was apprehended and taken into ICE custody. *Id.*, Ex. C ¶ 14. His removal proceedings were transferred to the immigration court at the Broward Transitional Center on November 7, 2025, and Petitioner remains detained there to this date. *Id.*, Ex. C ¶¶ 15, 21. While detained, Petitioner twice requested a custody redetermination, which was denied both times with the immigration judge finding that the court did not have jurisdiction to review DHS's bond determination pursuant to *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025). *Id.*, Ex. C ¶ 18. Petitioner did not file an appeal of either bond order to the Board of Immigration Appeals ("BIA"). *Id.*, Ex. C ¶ 19.

In the Petition before this Court, Petitioner argues, generally, that he is entitled to a bond determination hearing because ICE is detaining Petitioner under the wrong statutory authority and that ICE cannot retroactively reclassify him as a § 235(b) (codified under 8 U.S.C. § 1225(b)) applicant for admission when he had previously been released under § 236(a) (codified under 8 U.S.C. § 1226(a)). *See generally* ECF No. 1. Respondents, on the other hand, argue that Petitioner is an alien seeking admission who is governed by the provisions of § 235(b) and subject to mandatory detention based on the plain language of the statute and that Petitioner failed to exhaust his administrative remedies by appealing his custody determinations before he filed the Petition. *See generally* Resp. In the Reply, Petitioner argues that prudential exhaustion should not be required, that the Respondents' interpretation of Section 1225(b) runs contrary to the text of the statute, and that courts should not defer to the BIA in matters of statutory interpretation. *See generally* ECF No. 11.

The Petition is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

#### A.  *Administrative Exhaustion.*

Respondents first argue that the Petition should be denied because Petitioner admits that he did not exhaust his administrative remedies by filing an appeal of the custody determination orders to the BIA. Resp. at 13-14.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)). The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I&N Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz*

*v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); Vazquez v. Feeley, No. 25-cv-01542, 2025 WL 2676082, at *9-10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

### B. *Petitioner's Detention Under Section 235(b).*

Respondents contend that Petitioner, by "enter[ing] the country without permission" renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing, "regardless of the duration of the alien's presence in the United States or the alien's distance from the border." *See* Resp. at 5. Petitioner asserts that his detention is governed by 8 U.S.C. section 1226(a), which allows for the release of noncitizens on bond. *See* Reply ¶¶ 9-12, 20.

This Court agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369 *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). Like Chief Judge Altonaga and the majority of District Courts throughout the country that have analyzed this issue, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

5

Because this Court finds in favor of Petitioner on the first grounds raised in his Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

## IV.     CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the immigration court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **February 13, 2026**. It is further

**ORDERED** that on or before **February 23, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 6th day of February, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record